UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MECCA-TECH, INC.,

        Appellant,                        File No. 1:10-cv-1073
                                                          Bankruptcy No. 09-05742-jrh
v.                                                       Adv. Pro. No. 09-80309-jrh

GARY WILLIAM LANGE,                     HON. ROBERT HOLMES BELL

        Appellee.
_____/

## **OPINION**

This matter is before the Court on Plaintiff's motion for leave to appeal the denial of its motion for summary judgment in the United States Bankruptcy Court Lead Case No. 08-05742 on an interlocutory basis. (Dkt. No. 1.) Plaintiff seeks appellate review on two issues: (1) the bankruptcy court's alleged failure to consider admissions resulting from unanswered requests for admission pursuant to Fed. R. Bankr. P. 7036 and Fed. R. Civ. P 36(b), and (2) the bankruptcy court's refusal to follow a particular district court opinion as binding precedent. Also before the Court is Plaintiff's unopposed motion for leave to file a supplemental brief in support of its motion for leave to appeal. (Dkt. No. 7.) The Court finds that Plaintiff has appropriate grounds for filing a supplemental brief, and will consider Plaintiff's supplemental arguments in deciding its initial motion.

Appeals of orders of a bankruptcy court to a district court are governed by 28 U.S.C. § 158. For most interlocutory orders, a party may only appeal at the discretion of the district court. *Id.* Although 28 U.S.C. § 158 provides no guidance to district courts in determining

whether to grant leave for interlocutory appeals, "district courts have generally applied the standards set forth in 28 U.S.C. § 1292(b) for certification of interlocutory appeals from district courts to courts of appeal." *In re Pilch*, 2007 U.S. Dist. LEXIS 41796, *6 (W.D. Mich. June 8, 2007). Accordingly, bankruptcy parties seeking interlocutory review must generally show that : (1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the challenged decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation. *Id.* at *7.

Plaintiff's first ground for appeal is the bankruptcy court's supposed failure to consider admissions arising under Fed. R. Bankr. P. 7036 and Fed. R. Civ. P 36(b), which state that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." It is undisputed that Defendant failed to respond within the allotted time to Plaintiff's request for admissions, which was served on Defendant's counsel on December 14, 2009. It is also undisputed that, as of this time, the bankruptcy court has not issued an order vacating the default admissions. Plaintiff argues that the Bankruptcy Court's refusal to consider these admissions is a clear error of law, and that the admissions unequivocally entitle Plaintiff to summary judgment. Specifically, Plaintiff points to a request for admission which reads, "Please admit that all of the debt at issue in the Adversary Proceeding is non-dischargeable." (Dkt. No. 1-1 at 11.)

2

However, in light of the Bankruptcy Judge's supplemented opinion, it appears that Plaintiff has not accurately represented the Bankruptcy Judge's position. The Bankruptcy Judge did not ignore Defendant's failure to respond to Plaintiff's requests for admission or the affects of that failure under Rule 7036:

> This Court has no question that admissions arising under [Fed. R. Bankr. P. 7036 and Fed. R. Civ. P 36(b)] concerning facts and the application of law to those facts and even opinions about either of those two have consequences in the proceeding even when the admission arises only because the debtor failed to file a timely response and has yet to correct the same. However, it seems to this Court that it is entirely a different matter . . . when the admission relied upon does not fit any of these criteria but instead is only a general request to admit to liability when that same liability is not supported by the law and facts that the movant includes in the very same motion seeking dispositive relief.

(Dkt. No. 6 at 14.) The Bankruptcy Judge did not ignore Defendant's default admissions. The judge made a reasoned determination that certain requests for admissions – those which seek a blanket admission of liability – reach beyond the scope of Rule 7036 and Rule 36. Plaintiff argues in its supplemental brief that the request for general admission of liability is adequately supported by other, more specific default admissions. (Dkt. No. 8 at 4.) The Bankruptcy Judge disagreed. While acknowledging the effect of default admissions, the Bankruptcy Judge decided that summary judgment was not merited. (Dkt. No. 6 at 15-16.) Thus, the issue regarding Defendant's default admissions is not whether the Bankruptcy Judge ignored them, but whether the Bankruptcy Judge was correct in deciding that those admissions within the scope of Rule 7036 and Civil Rule 36 were insufficient to warrant a grant of summary judgment. This is far from a pure question of law, and interlocutory

3

review would not be appropriate.

Plaintiff's second ground for interlocutory appeal is indeed a pure question of law. Plaintiff challenges the bankruptcy court's explicit decision not to follow an interpretation of 11 U.S.C. § 523(a)(6) laid out in *National Sign & Signal v. Livingston (In re Livingston)*, 422 B.R. 645 (W.D. Mich. 2009), which would have been favorable to Plaintiff. As Plaintiff notes, whether or not a district court opinion is binding precedent upon bankruptcy courts sitting in the same district is an unresolved matter. There is no binding precedent within the Sixth Circuit holding that a decision by a district court is binding upon bankruptcy courts. The parties point to dicta and to various courts across the nation which have taken one stance or the other on this question. As this is a question of law and there is substantial grounds for difference of opinion, Plaintiff argues that this Court should decide the question on interlocutory review.

However, the Court declines to grant an interlocutory appeal because, contrary to Plaintiff's assertion, the question is not necessarily controlling. Plaintiff argues that, should this Court decide that the bankruptcy court is required to follow *Livingston*, Plaintiff will necessarily prevail on summary judgment. (Dkt. No. 1-1 at 26.) But even assuming Plaintiff is correct, a contrary decision by this Court that the bankruptcy court is *not* bound by *Livingston* would do nothing to bring this matter to resolution. This is similar to the situation in *In re Pilch*, a case repeatedly cited by Plaintiffs, in which the court declined interlocutory review. 2007 U.S. Dist. LEXIS 41796 at *13 ("The Court agrees that if Pilch were

4

successful on her appeal, . . . [that would resolve] all claims remaining in the bankruptcy case. On the other hand, however, it is not clear that the litigation would be materially advanced if the Court were to affirm the bankruptcy court's order."). In such situations, the usual and appropriate course is to proceed before the trial court and reserve all potential objections for a single appeal. Thus, in its discretion, the Court will deny Plaintiff's motion for leave to appeal.


Dated: August 30, 2011                          /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE